917 F.2d 26
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. TAYLOR, Defendant-Appellant.
 No. 90-1864.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 21, 1990.
Decided Oct. 25, 1990.
 
 1
 Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and WILL, Senior District Judge*.
 
 ORDER
 
 2
 Defendant-Appellant Robert Taylor brings this appeal from a judgment and order of conviction. Following a five-day trial, a jury found Taylor guilty of conspiracy to defraud a federally-insured financial institution in violation of 18 U.S.C. Sec. 371 and embezzlement from a federally-insured financial institution in violation of 18 U.S.C. Secs. 2 & 657. Taylor claims that the presence of an intoxicated juror who apparently told several other jurors before the close of evidence that she believed Taylor to be guilty denied Taylor his sixth amendment right to trial by a fair and impartial jury.
 
 
 3
 If a jury is exposed to material not properly in evidence, and that exposure prejudices the jury (i.e., there is a reasonable probability that the verdict was affected), then a new trial is required. The primary responsibility for determining whether the jury has been prejudiced, and for taking steps to remove any possible taint, lies with the trial court. The trial judge's efforts in this regard will only be disturbed by this court upon a showing that the trial judge abused his substantial discretion, as "the trial judge will always be in a better position than the appellate judges to assess the probable reactions of jurors in a case over which he has presided." United States v. Herrero, 893 F.2d 1512, 1540 (7th Cir.1990) (collecting cases).
 
 
 4
 In this case, no such showing has been (or can be) made. Upon discovery of the intoxicated juror, the district court immediately removed her from the panel (with the approval of both parties) and conducted an individual voir dire of several other jurors who had come into contact with her. Each one of these jurors was questioned as to whether he or she could still be fair and impartial. The court also questioned the entire jury as to whether the actions or statements of the intoxicated juror had compromised their ability to be fair and impartial. Far from an abuse of discretion, the actions of the district court were appropriate and sufficient to ensure the protection of Taylor's constitutional right to an impartial jury. Thus, the jury's verdict, and the court's entry of judgment thereon, are
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation